# Wytheville.

## New York, Philadelphia and Norfolk Railroad Company v. Duer.

### June 16, 1927.

#### Absent, Prentis, P.

1. LIMITATION OF ACTIONS—*Limitation as to the Remedy Only—How Defense Raised—Demurrer.*—The defense of the statute of limitations to the remedy only cannot be raised in this State by demurrer.

2. LIMITATION OF ACTIONS—*Limitation as to the Remedy Only—Defense Raised by Both Demurrer and the Plea—Case at Bar.*—That the defense of the statute of limitations to the remedy only cannot be raised in this State by demurrer was immaterial in the instant case as the same question was raised by plea and decided by the trial court adversely to the plaintiff.

3. DEMURRAGE—*Defense that Defendant was not the Consignee—Admission in the Agreed Statement of Facts that Defendant was the Consignee—Case at Bar.*—In the instant case, an action for demurrage, counsel for defendant sought to show that his client was not the consignee. The agreed statement of facts contained a clause that several of the supposed causes of action in the notice of motion for judgment and in the plea of defendant did not accrue to the plaintiff within one year next before the commencement of the instant case, but within three years thereafter.

   *Held:* That this was in effect an admission that defendant in error was a consignee and liable for the demurrage claim of it was not barred by the statute of limitations.

4. INTERSTATE COMMERCE—*Power of Congress—Exclusive.*—The power of Congress over interstate commerce is exclusive and supreme.

5. DEMURRAGE—*Interstate Commerce—Statute of Limitations—Whether Federal or State Statute Applicable—Case at Bar.*—The instant case was an action for demurrage on interstate shipments. It was contended by defendant that the one year limitation of the Virginia statute of limitations governed the case, while plaintiff contended that the case was governed by the interstate commerce act, section 16, par. 3, as added to by Acts of Congress, February 28, 1920 (Comp. St. Ann. Supp. 1923, section 8584). The cause of action arose

in 1922 and the action was commenced in 1923 within the three years provided by the Acts of Congress.

*Held:* That the Acts of Congress was plainly applicable to the instant case.

Error to a judgment of the Circuit Court of Northampton county in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Mears & Mears* and *Stewart K. Powell*, for the plaintiff in error.

*J. Brooks Mapp*, for the defendant in error.

Burks, J., delivered the opinion of the court.

This was a proceeding by motion for a judgment for demurrage charges on interstate shipments of freight. The motion was for $974.00. It was admitted that $188.00 of this amount had accrued within one year and that $786.00 did not accrue within one year, but did accrue within three years next before the commencement of the action. The question of the statute of limitations was sought to be raised by demurrer to the notice and also by plea. The trial court sustained the demurrer and also the plea and gave judgment for the plaintiff for only $188.00.

[1-3] The defense of the statute of limitations to the remedy only cannot be raised in this State by demurrer (Burks' Pl. & Pr., 2d ed., pages 342, 396), but that is immaterial as the same question was raised by plea and decided by the trial court adversely to the plain-

tiff.   The sole question presented for our consideration is whether or not the plaintiff's claim is barred by the statute of limitations.   Counsel for the defendant in error also sought to show that his client was not a consignee, but is precluded from doing so by the agreed statement of facts upon which the case was tried. The first paragraph of that statement was as follows: "That the several of the supposed causes of action in the notice of motion for judgment mentioned, and in the plea of the defendant fully set out, aggregating $786.00 did not accrue to the plaintiff within one year next before the commencement of this suit, but that the same did accrue within three years next before the commencement of this suit."   This was, in effect, an admission that the defendant in error was a consignee and liable for the $786.00 if it was not barred by the statute of limitations, and the case was tried on that hypothesis.   In fact, it is admitted in the brief for the defendant in error that the application of the statute of limitations is the only question before us.

[4, 5] We have been urged to apply the Virginia statute of limitations, and several cases have been cited from this court and from circuit courts to show that the one year limitation and not the three years, is the proper statute to be applied, but the cases cited are not applicable to the instant case.   The matter involved is demurrage on interstate shipments.   The power of Congress over interstate commerce is exclusive and supreme.   This has been too often decided by the Supreme Court of the United States and other courts to justify the citation of authority; but see what has been said by the court in *Ches. & O. Ry. Co.* v. *National Bank of Commerce*, 122 Va. 471, 95 S. E. 454, and *A. C. L. R. Co.* v. *Commonwealth*, 145 Va. 62, 133 S. E. 883.

In 1920 the Congress added a new paragraph (3) to section 16 of the interstate commerce act in the following words: "All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action arose and not thereafter." Comp. St. Ann. Supp. 1923, section 8584. The cause of action arose in the instant case in 1922, and the action was commenced in October, 1923, within the three years provided by the statute. The act of Congress is plainly applicable to the instant case, and any further discussion of the subject is unnecessary.

The judgment of the trial court will be set aside and in lieu thereof judgment will be entered in this court in favor of the plaintiff in error against the defendant in error for the sum of nine hundred and seventy-four dollars, with interest thereon at six per cent per annum from May 1, 1923, till payment, and for costs in this court and in the trial court. Code, section 6365.

*Reversed.*